United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                                    Case No. 20-12737-amc

Doreen D. Workman                                                                                Chapter 13
        Debtor(s)

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Oct 29, 2020 | Form ID: pdf900 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 31, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Doreen D. Workman, 323 Ross Court, Wyncote, PA 19095-1228 |
| cr | + NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, 8950 Cypress Waters Boulevard, Coppell, TX 75019-4620 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | + Email/Text: bnc@atlasacq.com | Oct 29 2020 23:17:00 | Atlas Acquisitions LLC, 492C Cedar Lane, Ste 442, Teaneck, NJ 07666-1713 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 31, 2020                        Signature:              /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 29, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BRIAN CRAIG NICHOLAS | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com |
| CHRISTOPHER A. DENARDO | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER pabk@logs.com |
| KRISTEN D. LITTLE | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER pabk@logs.com  klittle@logs.com |

District/off: 0313-2                          User: Adminstra                                    Page 2 of 2
Date Rcvd: Oct 29, 2020                       Form ID: pdf900                                Total Noticed: 3

REBECCA ANN SOLARZ
     on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 13)
     ECFMail@ReadingCh13.com

United States Trustee
     USTPRegion03.PH.ECF@usdoj.gov

ZACHARY PERLICK
     on behalf of Debtor Doreen D. Workman Perlick@verizon.net  pireland1@verizon.net


TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| Doreen D. Workman | CHAPTER 13 |
| _Debtor_ |  |
|  |  |
| NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER |  |
| _Movant_ | NO. 20-12737 AMC |
| vs. |  |
|  |  |
| Doreen D. Workman |  |
| _Debtor_ |  |
|  | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire |  |
| _Trustee_ |  |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,049.52,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2020 to October 2020 at $1,984.46/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $934.86 |
| **Total Post-Petition Arrears** | **$6,049.52** |

2.      The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

a) Debtors shall obtain a trial modification by December 1, 2020

b) Debtors shall either obtain a permanent modification by March 1, 2021 or continue making regular monthly payments per the trial modification until the final modification is completed.

3.      Additionally, beginning on November 1, 2020, Debtors shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4.      If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6.    In the event any of the events listed within Section 2 are not completed within the listed deadlines and Debtors are not in an active trial modification, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend their Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7.    In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12.    The parties agree that a facsimile signature shall be considered an original signature.


Date:    October 15, 2020              By: /s/ Rebecca A. Solarz, Esquire
                                          Attorney for Movant

Date: 10/31/20

_____
Zachary Perlick, Esquire
Attorney for Debtor


Date: *October 28, 2020*

*/s/ Polly A. Langdon, Esquire, for*
Scott F. Waterman, Esquire
Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2020.  However, the court
retains discretion regarding entry of any further order.

**Date: October 29, 2020**

_____
Bankruptcy Judge
Ashely M. Chan